**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IMRAN AHMED, on behalf of himself and all others similarly situated, | **CIVIL ACTION** |
| Plaintiffs, | **CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |
| -against- | |
| GC SERVICES LIMITED PARTNERSHIP, | |
| Defendant. | |

Plaintiff IMRAN AHMED (hereinafter, "Plaintiff"), a New York resident, brings this action complaint by and through his attorney, Joseph H. Mizrahi Law, P.C., against Defendant GC SERVICES LIMITED PARTNERSHIP (hereinafter "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1. Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using

1

abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201.  If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New York consumers seeking redress for Defendant's illegal practices, in connection with the collection of a debt allegedly owed by Plaintiff in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA").

6. Defendant's actions violated § 1692 *et seq*. of Title 15 of the United States Code, commonly referred to as the "FDCPA," which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

7. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

8. Plaintiff is a natural person and a resident of the State of New York, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

9. Defendant is a collection agency with its principal office located in Houston, Texas.

10. Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to

collect debts alleged to be due another.

11. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## CLASS ALLEGATIONS

12. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following nationwide consumer class (the "Class"):

- All New York consumers from whom Defendant improperly required a dispute to be in writing or failed to adequately notify the consumer of the account balance in violation of 15 U.S.C. §1692 *et seq*.

- The Class period begins one year to the filing of this Action.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons whom Defendant has improperly denied the right to dispute a debt or failed to adequately notify the consumer of the account balance in violation of specific provisions of the FDCPA.

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a. Whether Defendant violated various provisions of the FDCPA;

    b. Whether Plaintiff and the Class have been injured by Defendant's conduct;

    c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

       d.      Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed proceed to without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## ALLEGATIONS OF FACT

14. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "13" herein with the same force and effect as if the same were set forth at length herein.

15. Upon information and belief, Defendant, on behalf of a third-party, began efforts to collect an alleged consumer debt from Plaintiff.

16. Defendant was attempting to collect on Plaintiff's purportedly overdue account with Citibank, N.A..

17. On May 9, 2017, in its effort to collect on the Citibank, N.A. obligation, Defendant sent Plaintiff a Collection Letter.  *See* Exhibit A.

18. The Letter was sent or caused to be sent by persons employed by Defendant as a "debt collector" as defined by 15 U.S.C. §1692a(6).

19. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

20. Thereafter, on or around June 8, 2017, Plaintiff called Defendant to inquire about the alleged debt.

21. During that phone call, Plaintiff authorized his representative (hereinafter "Plaintiff"), to discuss the status of the debt with Defendant.

22. After taking steps to find the account, Defendant confirmed that the account listed was for $3,127.87.

23. Plaintiff then stated that he disagreed with the debt and wanted to dispute the balance.

24. However, instead of accepting Plaintiff's dispute, Defendant offered to reduce the account balance by $100.

25. Plaintiff indicated that he was not interested in settling a disputed debt.

26. Unsatisfied with Plaintiff's response, Defendant then transferred Plaintiff to an Account Manager, "Kevin," who then demanded a reason for the dispute.

27. Plaintiff again explained that he disagreed with the balance and simply wanted to dispute the debt.

5

28. However, Defendant persisted in demanding an explanation as to the "nature of the dispute."

29. Hoping to have his dispute acknowledged, Plaintiff again stated that he simply did not agree with the balance, to which Defendant stated, "I need a better explanation, I can't just put in here that he feels he doesn't owe that."

30. Realizing that the collection ploy was proving to be unsuccessful, Defendant then doubled down and attempted to induce Plaintiff into paying the debt by arbitrarily stating that interest and fees may be accruing and that it would save Plaintiff money to pay it now, all along displaying an utter disregard for Plaintiff's absolute right to dispute the debt.

31. As set forth in the following Counts Defendant violated the FDCPA.

### First Count
### 15 U.S.C. §1692e *et seq.*
### False and Misleading Representations

32. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "31" herein with the same force and effect as if the same were set forth at length herein.

33. Defendant's debt collection efforts attempted and/or directed towards Plaintiff violated various provisions of the FDCPA, including but not limited to § 1692(e) by using false, deceptive, and misleading representations in connection with the collection of a debt.

34. By stating that "I need a better explanation, I can't just put in here that he feels he doesn't owe that," Defendant clearly implied that a valid reason was required in order to effectuate a dispute, in violation of the FDCPA.

35. As the Second Circuit opined, "a debt collector cannot require a consumer to have a valid reason or to submit particular types of documentation in order to dispute a debt." *DeSantis v. Computer Credit, Inc.*, 269 F.3d 159, 162 (2d Cir. 2001).

36. The FDCPA gives full credence to a verbal dispute.[1]

37. The FDCPA does not require the consumer to provide any reason at all in order to dispute a debt.[2]

38. Nor does the FDCPA permit debt collectors to determine unilaterally that a dispute lacks merit. *See Hoffman v. Partners in Collections, Inc.,* 1993 WL 358158 (N.D.Ill. Sept. 14, 1993) (dispute need not be demonstrated as "valid" for protection to apply).[3]

39. Here, Plaintiff called in an effort to dispute his debt. Nonetheless, despite stating that it were theoretically possible to do so, Defendant did everything possible to avoid complying with

---

[1] It is well settled that § 1692g(a)(3) does not impose a writing requirement on a consumer., See. *Register v. Reiner, Reiner & Bendett, P.C.*, 488 F.Supp.2d 143 (D.Conn. 2007), *Jerman v. Carlisle*, *McNellie, Rini, Kramer & Ulrich*, 464 F.Supp.2d 720 (N.D. Ohio 2006), *Baez v. Wagner & Hunt, P.A.*, 442 F.Supp.2d 1273 (S.D.Fla. 2006), *Turner v. Shenandoah Legal Group, P.C.*, No. 3:06CV045, 2006 WL 1685698 (E.D. Va. 2006), *Vega v. Credit Bureau Enters.*, No. CIVA02CV1550, 2005 WL 711657 (E.D.N.Y. Mar. 29, 2005), *Nasca v. GC Servs. Ltd. P'ship*, No 01CIV10127, 2002 WL 31040647 (S.D.N.Y. Sept. 12, 2002), *In re Risk Mgmt. Alternatives, Inc*., Fair Debt Collection Practices Act Litig., 208 F.R.D. 493 (S.D.N.Y. June 14, 2002), *Sambor v. Omnia Credit Servs., Inc*., 183 F.Supp.2d 1234 (D.Haw. 2002), *Sanchez v. Robert E. Weiss, Inc*., 173 F.Supp.2d 1029 (N.D. Cal. 2001), *Castro v. ARS Nat'l Servs., Inc*., No. 99 CIV. 4596, 2000 WL 264310 (S.D.N.Y. Mar. 8, 2000), *Ong v. Am. Collections Enter*., No. 98-CV-5117, 1999 WL 51816 (E.D.N.Y. Jan. 15, 1999), *Reed v. Smith, Smith & Smith*, No. Civ. A. 93-956, 1995 WL 907764 (M.D.La. Feb. 8, 1995), *Harvey v. United Adjusters*, 509 F.Supp.1218 (D.Or. 1981), *Semper v. JBC Legal Group*, 2005 WL 2172377 (W.D. Wash. Sept. 6, 2005). (Collector's must communicate that a debt is disputed. *Matter of Sommersdorf*., 139 B.R. 700, 701 (Bankr. S.D. Ohio 1991); *Ditty v. CheckRite*, Ltd., 973 F.Supp. 1320, 1331 D.Utah 1997). (A consumer is entitled to dispute a debt orally and need not seek validation to overcome the debt collector's assumption of validity.), See. *Rosado v. Taylor*., 324 F. Supp. 2d 917 (N.D. Ind. 2004). (The collection attorney violated § 1692g(a)(3) by requiring that disputes be in writing to prevent the collector from considering the debt valid. The court noted that oral disputes overcome the assumption of validity and impose a requirement under § 1692e(8) that the debt collector report the dispute if reporting the debt to third parties.

[2] *Sambor v. Omnia Credit Servs*., 183 F. Supp. 2d 1234 (D. Haw. 2002), *Mendez v. M.R.S. Assoc*., 2004 WL 1745779 *2 (N.D. Ill. Aug. 3, 2004). (A consumer is entitled to dispute the validity of a debt for a good reason, a bad reason, or no reason at all), *Whitten v. ARS National Servs. Inc*., 2002 WL 1050320 *4 (N.D. 111 May 23, 2002). (Imposing a requirement that a consumer have a `valid' reason to dispute the debt is inconsistent with FDCPA), *Castro v. ARS National Servs., Inc*., 2000 WL 264310 (S.D.N.Y. Mar. 8, 2000), *Frey v. Satter, Beyer & Spires*., 1999 WL 301650 (N.D. Ill. May 3, 1999), *DeSantis v. Computer Credit, Inc*., 269 f.3d 159 (2nd Cir. 2001), *Mejia v. Marauder Corporation*., 2007 WL 806486 (N.D. Cal. 2007). (Unlawful to suggest that proof of payment required for dispute).

[3] *Hoffman v. Partners in Collections, Inc*., 1993 U.S. Dist. LEXIS 12702 (N.D. Ill. Sept. 13, 1993). (The court held that the FDCPA did not require that the consumer notify the agency of his basis for disputing the debt, or that any stated reason for the dispute had to be one that would relieve the consumer of any part of the liability for the debt. The complaint alleged that the consumer notified the collection agency that the debt was disputed and that the agency did not cease collection of the debt until it obtained verification of the debt. The complaint was sufficient to allege a violation of 15 U.S.C. § 1692g(b). The court also held that the complaint sufficiently alleged a violation of 15 U.S.C. § 1692e(8) by stating that the agency reported the disputed debt to credit agencies without disclosing that it had been disputed. The court noted that " There is no requirement that any dispute be "valid" for this statute to apply; only that there be a dispute." Failure to communicate a dispute whether or not valid will violate 15 U.S.C. § 1692e(8) for failure to communicate that a disputed debt is disputed.)

Plaintiff's request, not the least of which was its statement that "I need a better explanation, I can't just put in here that he feels he doesn't owe that."

40. Defendant further violated this Section by suggesting that Plaintiff "save money" and pay the debt, so as to avoid "interest" and other fees that may accrue on the account.

41. Defendant unambiguously led Plaintiff to believe that he was unable to dispute the debt absent a good enough reason.

42. Defendant unmistakably led Plaintiff to believe that his attempted dispute would be insufficient to invoke the protections of the FDCPA.

43. Upon information and belief, GC and its employees, intentionally denied Plaintiff his dispute rights afforded to him under the FDCPA.

44. Upon information and belief, GC and its employees wrongfully stated to Plaintiff that he could not effectively dispute the debt orally with Defendant.

45. Upon information and belief, GC and its employees, wrongfully implied that he could only dispute a debt in writing.

46. Upon information and belief, GC and its employees, wrongfully implied to Plaintiff that a dispute needs to be deemed valid in order for it to be considered a dispute.

47. Upon information and belief, GC and its employee, by intentionally denying Plaintiff and any other debtor to dispute the debt orally and without valid documentation unfairly intimidate and force debtors in to paying disputed debts.

48. Defendant's employee who spoke with Plaintiff intended to speak said words to Plaintiff.

49. The acts and omissions of GC and its employees done in connection with efforts to collect a debt from Plaintiff were done intentionally and willfully.

50. Upon information and belief, GC and its employees intentionally and willfully violated the

8

FDCPA and do so as a matter of pattern and practice by not letting any of the class members orally dispute the debt and by maintaining that the debtors provide valid documentation to dispute any debt contrary to the FDCPA.

## Second Count
## 15 U.S.C. §1692e *et seq.*
## False and Misleading Representations as to the Amount of Debt

51. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "50" herein with the same force and effect as if the same were set forth at length herein.

52. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

53. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

54. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

55. A collection letter is deceptive under 15 U.S.C. § 1692e if it can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate.

56. A collection letter is also deceptive under 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

57. The letter states' in pertinent part:

> *As of the date of this letter, you owe $3,127.87. Because of interest, late charges, and other charges that may vary from day to day, the amount owed on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your payment, in which event we will inform you.*

58. The letter fails to inform Plaintiff whether the amount listed already includes "accrued interest."

59. The letter fails to inform Plaintiff whether the amount listed already includes "other charges."

60. The letter fails to inform Plaintiff what "other charges" might apply.

9

61. The letter fails to inform Plaintiff if "other charges" are applied, what the amount of those "other charges" will be.

62. The letter fails to inform Plaintiff if there is "accrued interest," what the amount of the accrued interest will be.

63. The letter fails to inform Plaintiff if there is "accrued interest," what the interest rate is.

64. The Letter fails to provide information that would allow Plaintiff to determine what Plaintiff will need to pay to resolve the debt at any given moment in the future.

65. The letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the amount of his or her debt on the day he decides to pay.

66. Because the amount listed "may vary from day to day [and that] the amount owed on the day you pay may be greater," the least sophisticated consumer could reasonably believe that the debt could be satisfied by remitting the listed amount "as of the date of the letter" at any time after receipt of the letter.

67. Because the amount listed "may vary from day to day [and that] the amount owed on the day you pay may be greater," the sophisticated consumer could reasonably believe that the amount listed was accurate only on the date of the letter.

68. If interest is continuing to accrue, the least sophisticated consumer would not know the amount of the debt because the letter fails to indicate the applicable interest rate.

69. If interest is continuing to accrue, the least sophisticated consumer would not know the amount of the debt because the letter fails to indicate what the amount of the accrued interest will be.

70. If interest is continuing to accrue, the least sophisticated consumer would not know the amount of the debt because the letter fails to indicate the amount of money the amount listed will increase at any measurable period.

71. If "other charges" are continuing to accrue, the least sophisticated consumer would not know the amount of the debt because the letter fails to indicate what "other charges" might apply.

72. If "other charges" are continuing to accrue, the least sophisticated consumer would not know the amount of the debt because the letter fails to indicate when such "other charges" will be applied.

73. If "other charges" are continuing to accrue, the least sophisticated consumer would not know the amount of the debt because the letter fails to indicate what the amount of those "other charges" will be.

74. If "other charges" are continuing to accrue, the least sophisticated consumer would not know the amount of the debt because the letter fails to indicate the nature of the "other charges."

75. The letter fails to advise Plaintiff that if Plaintiff pays the amount listed, Defendant will inform Plaintiff of the balance difference before depositing payment.

76. These failures are purposeful.

77. Defendant does not advise consumers that if the consumer pays the amount listed, that the Defendant will inform the consumer of the balance difference before depositing payment, in order to induce payments from consumers.

78. In order to induce payments from consumers that would not otherwise be made if the consumer knew the true amount due, Defendant does not inform the consumer of the difference between the amount listed and the true amount due *before* depositing payment.

79. In order to induce payments from consumers that would not otherwise be made if the consumer knew the true amount due, Defendant does not inform the consumer whether the amount listed will increase.

80. For all of these reasons, Defendant's conduct constitutes a false, deceptive, and misleading representation in connection with the collection of the debt, in violation of U.S.C. § 1692e.

81. For all of these reasons, the letter can reasonably be read by the least sophisticated consumer to have two or more meanings concerning the actual balance due, one of which being inaccurate, in violation of 15 U.S.C. § 1692e.

82. For all of these reasons, the letter is reasonably susceptible to an inaccurate reading by the least sophisticated consumer, in violation of 15 U.S.C. § 1692e.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Joseph H. Mizrahi, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(e) Awarding pre-judgment interest and post-judgment interest; and

(f) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Respectfully submitted,

By: /s/ Joseph H. Mizrahi
Joseph H. Mizrahi, Esq.
Joseph H. Mizrahi Law, P.C.
337 Avenue W, Suite 2F
Brooklyn, New York 11223
Phone: (347) 927-4529
Fax:    (347) 665-1545
Email: Jmizrahilaw@gmail.com
*Attorney for Plaintiff*

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

> */s/ Joseph H. Mizrahi*
> Joseph H. Mizrahi, Esq.

Dated:   Brooklyn, New York
                July 6, 2017